# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE COMMONWEALTH OF PUERTO RICO, REPRESENTING THE GENERAL SERVICES ADMINISTRATION AND THE DEPARTMENT OF PUBLIC SECURITY,**<br><br>**Plaintiff,**<br><br>v.<br><br>**TEXAS ARMORING CORPORATION, ET AL.,**<br><br>**Defendants.** | **CIVIL NO. 21-1209 (PAD)** |

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

Before the court is the Commonwealth of Puerto Rico's "Motion to Remand" (Docket No. 8); which defendants opposed (Docket No. 12). Plaintiff replied (Docket No. 15), and defendants surreplied (Docket No. 18). For the reasons explained below, the case must be remanded to state court in absence of Federal subject matter jurisdiction. The Puerto Rico General Services Administration and Department of Public Security are arms of the Commonwealth. As such, they are not citizens for purposes of the diversity statute, 28 U.S.C. §1332. And because the removal was clearly improvident, just costs and attorney's fees are hereby awarded to plaintiffs under 28 U.S.C. § 1447(c).

## I.   PROCEDURAL BACKGROUND

On March 1, 2021, the Commonwealth of Puerto Rico, representing the General Services Administration ("GSA") and the Department of Public Security, sued Texas Armoring Corp.

("TAC") and Mr. Ronald Trent Kimball, as principal executive officer of Texas Armoring Corp., in the San Juan Part of the Puerto Rico Court of First Instance, for declaratory judgment and breach and nullity of contract regarding the purchase of a 2018 armored plated Chevrolet Suburban by the Office of then Governor Ricardo Rosselló-Nevares (Docket No. 10-1).[1] The complaint seeks to declare the purchase contract null and void; or in the alternative, to declare TAC in breach of the agreement and return to the Commonwealth the sum of $224,100.00 plus interests, costs, and legal expenses. Id. at p. 24.

On May 6, 2021, defendants removed the case to this court under 28 U.S.C. §§ 1332, 1441 and 1446 (Docket No. 1). They premised federal jurisdiction on complete diversity between the parties, stating that plaintiff is the Commonwealth of Puerto Rico and defendants are a Texas corporation and an individual domiciled in Texas, in a case where the amount in controversy exceeds $75,000.00. Id. at pp. 9-10. On May 17, 2021, plaintiffs moved to remand for lack of subject matter jurisdiction, pointing out that the Commonwealth is not a citizen for diversity jurisdiction purposes (Docket No. 8).[2] Further, they asserted that removal was improvident and requested the payment of costs, expenses, and attorney's fees (Docket No. 8).

On May 28, 2021, defendants opposed the request (Docket No. 12). At bottom, they argued that the Commonwealth waived its Eleventh Amendment immunity to be sued; that Mr. Kimball, in his personal capacity, voluntarily submitted to this court's jurisdiction and does not consent to the remand to state court, and; that according to the terms of the contract, neither defendant

---

[1] State Case Civil No. SJ 2021-CV-01307 (603).

[2] Plaintiffs argued, in the alternative, that were this court to determine that it has jurisdiction to entertain this case, it should refrain from doing so under Burford v. Sun Oil Co., 319 U.S. 315 (1943)(Docket No. 8 at p. 6). Because jurisdiction is lacking, it is not necessary to analyze this point.

consented to this court's jurisdiction. Id. at p. 3. On June 4, 2021, plaintiffs replied, doubling down on their spearhead argument – that there is no subject matter jurisdiction here because the Commonwealth is not a citizen for diversity jurisdiction purposes (Docket No. 15).[3] On June 13, 2021, defendants surreplied, focusing on the validity of the contract and the obligations entered into between the parties (Docket No. 18).

## II. DISCUSSION

Federal courts cannot act "in the absence of subject matter jurisdiction." United States v. Univ. of Massachusetts, Worcester, 812 F.3d 35, 44 (1st Cir. 2016), *cert. denied sub nom.* U.S. & Massachusetts ex rel. Willette v. Univ. of Massachusetts, Worcester, 137 S.Ct. 617 (2017). Defendants removed the case premised on complete diversity between the parties (Docket No. 8). Federal district courts have subject matter jurisdiction based on diversity over cases in which the amount in controversy exceeds $75,000 and the parties are "citizens of different States." 28 U.S.C. § 1332(a).

Diversity must be complete, the absence of which divests the court of original jurisdiction. See, In re Olympic Mills Corp., 477 F.3d 1, 6 (1st Cir. 2007)("the presence but of one nondiverse party divests the district court of original jurisdiction over the entire action"). But a state is not a citizen for purposes of the diversity statute. See, Moor v. County of Alameda, 411 U.S. 693, 717 (1973)(addressing topic). Under the Judiciary Acts of the United States, "it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States." Puerto Rico Department of Public Safety v. Tracfone Wireless, ---F.Supp.3d----, 2021 WL 221931, *1 (D.P.R. Jan 21, 2021). Congress has not empowered federal courts to

---

[3] In addition, plaintiffs argued that: (i) the parties cannot confer subject matter jurisdiction to the court; (ii) there are no allegations against Mr. Kimball in his personal capacity, and; (iii) proper venue lies in the local court. Id.

exercise diversity jurisdiction over the States. Id. So, consistent with 28 U.S.C. § 1332(d), because diversity jurisdiction does not extend to the states, and Puerto Rico is considered a state, it likewise does not extend to Puerto Rico. See, U.S.I. Properties Corp. v. M.D. Const. Co., 230 F.3d 489, 499 (1st Cir. 2000)(so recognizing); Nieves v. University of Puerto Rico, 7 F.3d 270, 272 (1st Cir. 1993)("Puerto Rico treated as a "state", and therefore, not subject to diversity jurisdiction"); Futura Dev. of Puerto Rico, Inc. v. Estado Libre Asociado de Puerto Rico, 144 F.3d 7, 13 (1st Cir. 1998) (Puerto Rico enjoys the sovereign privilege not to be sued under diversity); Rodríguez-Torruella v. Dep't of the Army, 2006 WL 8450693 *1, *3 (D.P.R. Sept. 5, 2006)(as acknowledged in 28 U.S.C. §1331(e), Puerto Rico is considered a "state" for diversity jurisdiction purposes); Wu v. Ryder Truck Rental, Inc., 561 F.Supp.2d 1061, 1063 (E.D. Mo. 2008)("Additionally, section 1332(e) clarifies that 'State' is referring to American citizens by saying: 'The word "States" as used in this section includes the Territories, the District of Columbia, and the Commonwealth of Puerto Rico'").[4]

As it stands, plaintiffs are the Puerto Rico Department of Public Security and the Puerto Rico General Services Administration (Docket No. 8). The former has been unquestionably recognized as "an arm of the Commonwealth of Puerto Rico." Puerto Rico Department of Public Safety, 2021 WL 221931 at *2. In turn, GSA coordinates and directs the acquisitions process and hiring of professional services for the Government of Puerto Rico. See, Act No. 73 of July 19, 2019, P.R. Laws Ann. tit. 3 §§ 9831-9841, "Statement of Motives." One of its main purposes is to guarantee transparency in the use of public funds while centralizing the purchase and acquisition

---

[4] The rule that neither Puerto Rico nor a state is subject to diversity jurisdiction extends to their alter egos, not so to the state's corporations or political subdivisions, which are considered citizens for diversity purposes. See, Moor, 411 U.S. at 718 (1973)("[a] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes").

of goods and services, thereby generating savings for the Government of Puerto Rico. Id. Most relevant, operational costs are paid for by the Commonwealth's General Fund. See, Act No. 73-2019, P.R. Laws Ann. tit. 3 § 9841e. And, it may take advances of public funds if available and as certified by the Secretary of the Treasury. See, Act No. 73-2019, P.R. Laws Ann. tit. 3 §§ 9833-9834q. By this measure, the GSA is not a "citizen" of Puerto Rico but an arm of the Commonwealth. As a result, there can be no Federal diversity jurisdiction in the action sought to be removed. Complete diversity jurisdiction is absent.

### III.  CONCLUSION

For the reasons stated, the case is REMANDED to the San Juan Part of the Puerto Rico Court of First Instance for further proceedings. For the same reasons the sister court awarded attorney's fees and costs to plaintiffs in Puerto Rico Department of Public Safety, 2021 WL 221931 at *2, the court awards costs and attorney's fees to plaintiffs under 28 U.S.C. §1447(c).[5] To this end, not later than July 15, 2021, plaintiffs shall file a memorandum of costs and fees for the court's review.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of June, 2021.

> s/Pedro A. Delgado Hernández
> PEDRO A. DELGADO HERNÁNDEZ
> United States District Judge

---

[5] In Puerto Rico Department of Public Safety, 2021 WL 221931, the Puerto Rico Department of Public Safety and the Puerto Rico 9-1-1 Emergency Systems Bureau sued Tracfone Wireless in the Court of First Instance. Defendant removed the case to this district on diversity jurisdiction grounds. The sister court ruled that the two agencies were arms of the state and consequently, determined that it lacked subject matter jurisdiction. Further, before remanding the case to state court, it awarded attorney's fees and costs in plaintiffs' favor. In so deciding, the court concluded that "[g]iven that removal was clearly improvident, just costs and attorney fees are awarded to Plaintiffs, under 28 U.S.C. 1447(c)." Id. at *2.