IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **THE COMMONWEALTH OF PUERTO RICO, ET. AL.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **TEXAS ARMORING CORPORATION, ET AL.,** <br><br> **Defendants.** | **CIVIL NO. 21-1209 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is the Commonwealth of Puerto Rico's request for costs and attorney's fees under 28 U.S.C. § 1447(c) (Docket No. 23), which defendants partially opposed (Docket No. 25). As explained below, the Commonwealth's request is GRANTED IN PART, for an award of $21.60 in costs and $4,572.00.50 in attorney's fees.

## I.  PROCEDURAL BACKGROUND

On March 1, 2021, the Commonwealth sued Texas Armoring Corp. ("TAC") and Mr. Ronald Trent Kimball, TAC's principal executive officer, in the Puerto Rico Court of First Instance (Docket No. 10-1). On May 6, 2021, defendants removed the case to this court invoking diversity of citizenship between the parties (Docket No. 1). On May 17, 2021, the Commonwealth moved to remand (Docket No. 8). On June 30, 2021, the court remanded the case to state court (Docket No. 19, pp. 1, 5). Because removal was clearly improvident, it awarded the Commonwealth just costs and attorney's fees under 28 U.S.C. § 1447(c), and correspondingly, ordered the Commonwealth to file a memorandum of costs and fees for the court's consideration.

Id. at 5. On July 25, 2021, the Commonwealth complied, requesting $21.60 in costs and $11, 875 in attorney's fees (Docket No. 23). On August 16, 2021, defendants responded (Docket No. 25). On August 25, 2021, the Commonwealth replied (Docket No. 30).

## II.　　DISCUSSION

### A.　　Legal Framework

Section 1447(c) provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). This is so because removing a case to federal court and then remanding it to state court "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." Martin v. Franklin Cap. Corp., 546 U.S. 132, 140 (2005). Thus, where the removing party lacked an objectively reasonable basis for removal, the court may order that party to pay for the opponent's costs and attorney's fees. Id. at p. 141. A finding of bad faith is "not necessary." Allen v. Monsanto Co., 396 F.Supp.2d 728, 733 (S.D.W.Va. 2005).

### B.　　Objections

Defendants have no issue paying the $21.60 in costs (Docket No. 25, p. 8). They, however, question the amount requested in attorney's fees. Id. They claim that the Commonwealth should not be awarded attorney's fees because its attorneys are commonwealth employees (Docket No. 25, p. 9). They cite no law in support of this statement. Conversely, as the Commonwealth pointed out, "salaried government lawyers, like in-house and non-profit counsel, do incur expenses if the time and resources they devote to one case are not available for other work." Wisconsin v. Hotline Industries, Inc., 236 F.3d 363, 365 (7th Cir. 2000)(under Section 1447(c), salaried government

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 3 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 3

attorneys may recover attorney's fees incurred in resisting removal).[1]  Thus, the Commonwealth is entitled to request and receive reasonable fees for the work performed by attorneys it employs in its Department of Justice.[2]

Defendants contend that the Commonwealth is seeking fees in connection with four attorneys even though only one attorney – Michel Mir-Martínez – entered an appearance as "the legal representative of the Commonwealth of Puerto Rico" (Docket No. 25, pp. 4-5).  They imply that the other attorneys should not be considered in a fee award.  Yet, all of those attorneys have signed at least one motion.  See, Docket Nos. 8, 15 and 23.  For appearance purposes, their signatures in the signature block are enough.  And as officers of the court, the attorneys represented that they worked in this case as detailed in the Commonwealth's memorandum for costs and fees, which they all signed.  See, Docket No. 23, p. 9 (Signature page of memorandum).

Defendants state that the Commonwealth argued that the present case was a mirror image of Puerto Rico Dep't of Pub. Safety v. Tracfone Wireless, 514 F.Supp.3d 400 (D.P.R. 2021), and based on that representation, assert the Commonwealth should not be compensated with an award of attorney's fees for paraphrasing an "opinion and order" (*e.g*. Tracfone Wireless) that required no new research, review, revisions, meetings, and discussions among the Commonwealth's

---

[1] See also, King v. Alpha Sigma Tau Nat'l Found., Inc., 2020 WL 7041767, *1-*2 (M.D.Pa. Dec. 1, 2020) (discussing Wisconsin and following its interpretation of Section 1447(c)); Puerto Rico Dep't of Pub. Safety v. Tracfone Wireless, 514 F.Supp.3d 400 (D.P.R. 2021)(attorney's fees awarded to government salaried attorney under Section 1447(c)).

[2] Defendants mention that in Tracfone Wireless, 514 F.Supp.3d at 400, the Presiding Judge expressed that "Given that the Commonwealth Justice Department represents Plaintiffs through its own attorneys, rather than outside counsel, it is likely that removing defendant will avoid having to pay attorney fees and costs" (Docket No. 25, pp. 9-10).  But the Judge did not elaborate, and in the end awarded attorney's fees to the Commonwealth.  See, Tracfone Wireless, Civil No. 20-1697 (GAG), Docket No. 18 (memorandum in support of bill of costs and attorney's fees) and Docket No. 22 (Order granting Docket No. 18, and directing that payment be made within 30 days).

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 4 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 4

attorneys (Docket No. 25, pp. 6-7).[3]  The Commonwealth counters that the legal research was not obtained from Tracfone Wireless (Docket No. 30, p. 3).

In Tracfone Wireless, a sister court remanded a case removed on the erroneous theory that the Commonwealth is a citizen for diversity purposes, the same theory defendants relied on to support removal here, and like in this case, the sister court awarded costs and fees under 28 U.S.C. § 1447(c).  See, 514 F.Supp.3d at 400.  The court views Tracfone Wireless and the sources of authority that it cites as relevant to the decision to remand here.  But that does not imply that those are the only sources bearing on that matter, or that by reading or reviewing Tracfone Wireless, the Commonwealth's attorneys were in some way precluded from conducting legal research on the same or related issues to construct, develop or refine the arguments that they presented to this court.  Along the same line, Tracfone Wireless does not negate the need for reviews, revisions, meetings, or discussion among the Commonwealth's attorneys in the present case.  Even so, the court will take this element into account in assessing the reasonableness of the Commonwealth's attorney's fees.

Defendants contend that the Commonwealth sought fees for one attorney in Tracfone Wireless, which were awarded in the amount of $2,002.50, but is asking fees for four attorneys in this case, in a way that defendants characterize as excessive (Docket No. 25, p. 4). The Commonwealth responds that while both cases are similar in that both were improvidently removed and then remanded to state court, the high public interest underlining the present case justifies differences in the number of attorneys assigned to work on it (Docket No. 30, pp. 3-4).

---

[3] In Tracfone Wireless, the sister court did not issue an opinion and order but a "Memorandum and Order."  See, 514 Fed.Supp.3d at 401.

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 5 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 5

In Tracfone Wireless, the Commonwealth alleged that defendant failed to pay surcharge fees for outstanding 911 emergency services, whereas here the Commonwealth seeks the return of $224,100.00 plus interest, costs, and legal expenses related to the purchase of an armored vehicle under the administration of then Governor Rosselló-Nevares. That sets the cases apart. Nevertheless, the court will consider the element of staffing and duplicative or redundant work in assessing the reasonableness of the Commonwealth's attorney's fees.

### C.     Analysis

As mentioned above, the Commonwealth seeks $11,975.00 in attorney's fees (Docket No. 23). As support, it submitted an itemized account of the hours that each of the attorneys spent time working on, the rate, a description of the work performed, and the date on which each task was carried out. Id. The billable rates range from $75.00 an hour for a counsel with less than five years of experience; $100.00 an hour for a counsel with more than five years but less than ten years of experience; and $125.00 for a counsel with ten or more years of experience. Id.

Turning to the time entries, attorney Peñagarícano-Brown included 32.50 hours at the rate of $125.00 per hour, for a total of $4,062.50 in attorney's fees (Docket No. 23, pp. 6-8).[4] As work, the memorandum lists evaluation of case file (4 hours); discussion of legal strategy with attorney Díaz-Rivera before assignment to Federal Litigation Division (2 hours), and discussion with other attorneys of record of defendants' response in opposition, of sur-reply to reply to opposition, and of further instructions regarding the ruling in the Opinion and Order (9 hours); legal research (6.5

---

[4] In calculating the billable hours by the reasonable hourly rate, the court found that the total reached was not the same as the one claimed in the memorandum at Docket No. 23.

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 6 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 6

hours); review of drafts (7.5 hours); and reading and analysis of the various court filings (3.5 hours). Id.

Attorney Díaz-Rivera presented 26 hours at $125.00 per hour, for a total of $3,250.00 (Docket No. 23, pp. 4-5). As work, the memorandum describes evaluation of case file (4 hours); review of drafts (7.5 hours); initial discussion of legal strategy with attorney Mir-Martínez (2 hours); discussion and analysis of defendants' response in opposition, of sur-reply to reply to opposition, and of further instructions regarding ruling in Opinion and Order (5 hours), and review or reading and analysis of court filings (7.5 hours). Id.

Attorney Ramírez-Ortiz included a total of 18.5 hours at $100.00 per hour, for a total of $1,850.00 (Docket No. 23, pp. 5-6). As work, the memorandum describes evaluation of case file (4 hours); discussion of legal strategy after case assignment to Federal Litigation Division (2 hours), discussion and analysis of defendants' response in opposition, of sur-reply to reply to opposition, and of further instructions regarding the ruling in the Opinion and Order, with appearing counsel (5 hours); and reading and analyzing the various court filings (7.5 hours). Id.

Attorney Mir-Martínez presented 39.5 hours at $75.00 per hour, for a total of $2,962.50 (Docket No. 23, pp. 3-4). The memorandum describes evaluation of case file after assignment (4 hours), discussion of legal strategy (4 hours), legal research (12 hours), drafting motions (11.5 hours); review and analysis of defendants' response in opposition (4 hours), reading and analysis of sur-reply (2.5 hours), reading and analysis of Opinion and Order (1 hour), and filing motions (0.5 hours). Id.

The court will apply the lodestar method to these numbers to test them for reasonableness. See, Access Group, Inc. v. Federico, 2006 WL 3371622, *1 (D.N.H. Nov. 21, 2006)(employing lodestar methodology in awarding attorney's fees under Section 1447(c)); Alghadeer Bakery &

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 7 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 7

Market, Inc. v. Timepayment Corp., 2018 WL 4846015, *1 (N.D.Ga. May 16, 2018)(same). The lodestar is a "threshold point of reference which is subject to additions or deductions for specific reasons." Grendel's Den v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). It is determined by "multiplying the total number of hours reasonably spent by a reasonable hourly rate." Id.

To ascertain the number of hours reasonably spent, the court must identify "the number of hours actually spent and then subtract from that figure hours which are duplicative, excessive, unproductive or otherwise unnecessary." Grendel's Den, 749 F.2d at 950. As for reasonable hourly rates, they are "often benchmarked to the prevailing rates in the community for lawyers of like qualifications, experience and competence." Matalon v. Hynnes, 806 F.3d 627, 638 (1st Cir. 2015). After multiplying the results of these two inquiries, the court may adjust the potential award on factors not captured in the lodestar calculation. Id. The court must review the petition for attorney's fees for reasonableness, "even if no objection has been raised as to the number of hours billed or the hourly rate used." General Produce Co., LTD v. Phoenix Farmers Market, LLC, 2011 WL 1897799, *1 (D.Or. Apr. 8, 2011), Report and Recommendation ("RR"), RR adopted at 2011 WL 1897727 (D.Or. May 18, 2011).

Defendants do not question the Commonwealth attorneys' billing rates, and the court independently finds they are reasonable for use in this case. Applying the lodestar methodology with adjustments to account for elements such as degree of difficulty (in this instance, a low level of difficulty), and duplicative or redundant and unnecessary work, a type of work excluded from lodestar calculations, yields the following result.

1. Evaluation. The court is cognizant of counsel's need to evaluate a case. In fact, it is an ethical imperative. But there is no indication here of what that activity – one reflecting 16 hours in the time-keepers – consisted of to differentiate it from, say,

Case 3:21-cv-01209-PAD   Document 35   Filed 11/15/21   Page 8 of 9

Commonwealth of Puerto Rico, et. al., v. Texas Armoring Corp., et. al.
Civil No. 21-1209 (PAD)
Memorandum and Order
Page 8

discussion among attorneys (29 hours), or reading and analysis of court filings (25 hours). From this perspective, "evaluation" as a recoverable category will be disallowed.

2. Discussion. The court finds reasonable the 2.0 hours of initial discussion between attorney Peñagarícano-Brown and attorney Díaz-Rivera as is reflected in the former's time- keeper, the 2.0 hours of initial discussion between attorney Díaz-Rivera and attorney Mir-Martínez, and the initial 2.0 hour discussion between attorney Ramírez-Ortiz and attorney Mir-Martínez. As to the remaining time allotted to discussion, the court approves 1.5 hours for each of the attorneys.

3. Reading and analysis of court filings. Allowance of 3.0 hours for each of the attorneys.

4. Legal Research. Allowance of 3.5 hours for Ms. Peñagarícano-Brown, and 3.5 hours for Mr. Mir-Martínez.

5. Review of drafts. Allowance of 3.0 hours for Ms. Peñagarícano-Brown, and 3.0 hours for Ms. Díaz-Rivera.

6. Drafting. Allowance of 6 hours for Mr. Mir-Martínez.

7. Filings. Allowance of 0.3 hours for Mr. Mir-Martínez.

With these adjustments, fees are granted as follows:

1. Attorney Peñagarícano-Brown. 13 hours at the rate of $125 per hour, for a total of $1,625.00.

2. Attorney Díaz-Rivera. 9.5 hours at the rate of $125.00 per hour, for a total of $1,187.50.

3. Attorney Ramírez-Ortiz. 6.5 hours at the rate of $100.00 per hour, for a total of $650.00.

    4. Attorney Mir-Martínez. 14.8 hours at the rate of $75.00 per hour, for a total of $1,110.00.

    **TOTAL**: $4,572.50.

### III.   CONCLUSION

For the reasons stated, the Commonwealth's memorandum in support of costs and attorney's fees (Docket No. 23) is GRANTED IN PART, for an award of $21.60 in costs and $4,572.50 in attorney's fees. Payment shall be made and accredited by December 15, 2021.

  **SO ORDERED.**

In San Juan, Puerto Rico, this 15th day November, 2021.

               s/Pedro A. Delgado Hernández
               PEDRO A. DELGADO HERNÁNDEZ
               United States District Judge